Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7490 | **DATE** | 3/28/2002 |
| **CASE TITLE** | MICHAEL S. McCOTTREY vs. CORRECTION OFFICER GRIFFIN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to April 30, 2002 at 9:00 a.m. Enter Memorandum Opinion And Order. The defendant's motion to dismiss count III of the complaint is denied. Answer to be filed on or before April 11, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAR 29 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 12 |
| | Mail AO 450 form. | | MAR 29 2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL S. McCOTTREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 7490 |
| v. ) | |
| ) | Judge John W. Darrah |
| CORRECTION OFFICER GRIFFIN and THE ) | |
| SHERIFF OF COOK COUNTY, ) | |
| ) | |
| ) | DOCKETED |
| Defendants. ) | |
| ) | MAR 29 2002 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Michael S. McCottrey ("McCottrey"), filed suit against Defendants, Correction Officer Griffin ("Griffin") and The Sheriff of Cook County ("Sheriff"), alleging the use of excessive force by Griffin (Count I), assault and battery (Count II), and a claim against the Sheriff for the acts of Griffin under the doctrine of *respondeat superior* (Count III). Currently before the Court is the Sheriff's Motion to Dismiss Count III of the Complaint pursuant to Federal Rule of Civil Procedure 12 (b)(6) for failure to state a claim upon which relief may be granted.

A motion to dismiss should be granted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When considering the motion, the court accepts all well pled factual allegations in the complaint as true and draws all reasonable inferences from the facts in the light most favorable to the plaintiff. *Arazie v. Mullane*, 2 F.3d 1456, 1465 (7th Cir. 1993). The plaintiff need not state all the facts necessary to establish the claim, and the "suit should not be dismissed if

it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

A reading of the complaint supports the following summary of the events and conduct of the parties in this case.

McCottrey was being held at the Cook County Corrections Center as a pretrial detainee. McCottrey was called on by Griffin to "take the trays off of the wing". McCottrey refused because he was previously instructed not to go out onto the wing while wearing only shower shoes; and, wearing shower shoes at the time, he feared that he would slip and fall down the stairs.

Griffin became angry by McCottrey's refusal to comply. He proceeded to scream at McCottrey, using profanity, and then struck him several times about the head and neck. Griffin then began slamming McCottrey's head into the wall; at which point, McCottrey defecated on himself. The episode caused physical and emotional injury to McCottrey.

The Sheriff argues that all of Griffin's alleged actions constitute intentional conduct and, as such, the Sheriff is not liable via the statutory language of 55 ILCS 5/3-6016. The Sheriff claims that there is no such thing as a negligent attack and that the deputy's actions, therefore, fall outside the scope of actions for which he incurs liability under 55 ILCS 5/3-6016.

Pursuant to Illinois law, a "sheriff shall be liable for any neglect or omission of the duties of his or her officer when occasioned by a deputy...." 55 ILCS 5/3-6016. The statute specifically addresses instances where a sheriff will be liable for the actions of deputy sheriffs, and courts have interpreted this statute to preclude any liability to the sheriff when the deputy sheriff's actions are intentional or wanton. *Harris v. Sheahan*, 1998 U.S. Dist. WL 831822, at *2 (N.D. Ill. November 25, 1998). As stated by the Illinois Appellate Court:

2

> To state a cause of action against the Sheriff under 55 ILCS 5/3-6016, the Complaint must allege that the damage resulted from the neglect or omissions of a deputy. If a complaint alleges the deputy's intentional or wanton misconduct, this statute does not impose liability upon the sheriff.

*J.P. Miller Artesian Well Company v. The County of Cook*, 39 Ill. App. 3d 1020, 1022 (1976)(Artesian Well).

While the Sheriff cannot be held liable under the theories of intentional misconduct by the deputy in Counts I and II, this does not prevent the Plaintiff from bringing a claim against the Sheriff in Count III by alleging that the actions of the deputy were negligent in nature. Federal Rule of Civil Procedure 8 allows a party to plead alternative demands for relief and specifically states that claims may be brought regardless of consistency. Fed. R. Civ. P. 8 (e)(2). Therefore, the elements pled in one demand cannot be used against the pleader to defeat another, inconsistent demand.

Looking only to the facts set out in Count III of the complaint, and drawing reasonable inferences therefrom, it can be inferred that Griffin's actions were meant to discipline McCottrey for refusing to comply with his order. If Griffin failed to use due care when disciplining McCottrey and was too aggressive, this could be characterized as negligent conduct by Griffin. Such conduct would then fall within the scope of 55 ILCS 5/3-6016, and the Sheriff could be liable. Although the complaint does refer to the incident as "the attack", this does not mandate a finding that Griffin's actions can only constitute an intentional act.

Plaintiff need not prove a case of negligence at this stage of the litigation. All that need be established is that the complaint pleads a sufficient cause of action. *Graehling*, 58 F.3d at 297. Considering the liberal pleading requirements of notice pleading, and given the context of Griffin's actions in the complaint, Griffin's actions could be characterized as negligent disciplinary action.

3

*Artesian Well*, 39 Ill. App. 3d at 102; 55 ILCS 5/3-6016. As such, it appears that the Plaintiff can prove a set of facts, consistent with the facts pled in Count III, that would entitle him to relief against the Sheriff.

The instant case is distinguishable from cases cited by the defendant that have found that allegations of intentional conduct of deputies do not make the Sheriff liable under 55 ILCS 5/3-6016. *Chaney v. City of Chicago*, 901 F Supp. 266, 268 (N.D. Ill. 1995); *Harris*, 1998 U.S. Dist. WL 831822, at *2. In these cases, the plaintiffs alleged intentional and wanton conduct in the count brought against the sheriff. Count III of McCottrey's complaint contains no such allegation; and, therefore, neither of these cases are controlling.

The Defendant's Motion to Dismiss Count III of the Complaint is denied.

Dated:

JOHN W. DARRAH
United States District Judge